IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     CRIMINAL ACTION NO. 2:02-cr-00042

EDWARD LEE LEWIS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Edward Lee Lewis's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket 179]. Also before the Court are Defendant's Motion for an Injunction against Western Regional Jail [Docket 211] and his Motion to Withdraw from Witness List [Docket 213]. For the reasons that follow, these three motions are **DENIED**. Further, Defendant has filed a Motion to Withdraw [Docket 225] certain other motions, and it is **GRANTED**.

*I.  FACTUAL BACKGROUND*

Defendant is serving a 192-month sentence for his convictions of mailing threatening communications to state and federal officials, as well as being a felon in possession of a firearm. Defendant was sentenced as an armed career criminal due to three previous convictions of daytime burglary in state court. Defendant's direct appeal and § 2255 motion were unsuccessful. The pending motions are addressed in turn.

## II. DISCUSSION

*A. Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)*

On April 21, 2011, Defendant filed a motion pursuant to 18 U.S.C. § 3582(c)(2), seeking retroactive application of Amendment 709 to the United States Sentencing Guidelines. Pursuant to standing order entered in this case on April 7, 2011, the motion was referred to Magistrate Judge Mary E. Stanley for submission of proposed findings of fact and a recommendation ("PF&R"). On August 23, 2011, Judge Stanley issued a PF&R recommending the denial of Defendant's motion because Amendment 709 has not been designated for retroactive application. (Docket 195.) On September 29, 2011, Defendant filed objections to the PF&R.[*] (Docket 198.)

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In his objections, Defendant argues, as he did to Magistrate Judge Stanley, that "this Honorable Court should retroactively apply this motion of 18 U.S.C. § 3582 for the Movant feels that this Honorable Court [doesn't] understand the Movant['s] priors." (Docket 198 at 3.)

---

[*] Defendant filed two letter-form motions to extend the deadline for objections, which was originally September 9, 2011. (Docket 196, 197.) Those motions are **DENIED AS MOOT**, but the Court will afford the objections full consideration and treat them as timely filed.

Defendant also argues that he specifically pleaded guilty to three counts of daytime burglary in state court in order to receive a single sentence, and he therefore should not have been sentenced as an armed career criminal. (*Id.* at 2.)

The objections fail to meaningfully address the analysis set forth in the PF&R. As Magistrate Judge Stanley spells out, the United States Sentencing Commission is vested with sole authority to designate certain amendments to the United States Sentencing Guidelines for retroactive application. The Commission has not designated Amendment 709 for retroactive application. *See* U.S.S.G. §1B1.10(c); *see also, e.g.*, *United States v. White*, 376 F. App'x 324 (4th Cir. 2010) (unpublished) (Amendment 709 may not be applied retroactively). Defendant's contentions related to his status as an armed career criminal have been addressed by the Fourth Circuit on direct appeal, where they were denied and his classification as an armed career criminal was upheld. Additionally, Chief Judge Goodwin denied Mr. Lewis's motion filed pursuant to 28 U.S.C. § 2255, finding "that Defendant is barred from pursuing [his armed career criminal] claim[ ] by way of collateral attack because he unsuccessfully raised the[ ] issue in his direct appeal." (Docket 143 at 8.) Because Amendment 709 is not retroactive, the Fourth Circuit's holding on direct appeal controls the issue. In sum, then, the characterization of Defendant's prior convictions as qualifying predicate offenses is not subject to change pursuant to Amendment 709, which has not been designated for retroactive application. Accordingly, the motion pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

*B. Motion for Injunction against Western Regional Jail*

In his Motion for Injunction against Western Regional Jail, Defendant claims he is "being denied basic hygine [sic], hair cuts, showers, razors, etc." by jail staff. (Docket 211 at 1.) He claims

3

he has tried to file grievances within the jail but receives no answer. In the same motion, Defendant states as follows:

> I ask you for your backing and support in my attempt for a sentence reduction under 18 U.S.C. 35 Federal Assistance Program for post-sentencing assistance. As I understand, there are methods you have to perform.

(*Id.* at 2-3 (spelling and grammar alterations).) Defendant then lists the five factors to be considered by a district court in deciding whether and to what extent to grant a government motion for substantial assistance brought pursuant to Rule 35 of the Federal Rules of Criminal Procedure. He argues that he meets each of the criteria. Presumably, then, Defendant is requesting the Court to grant him the relief contemplated by Rule 35.

To begin, as Defendant should now be aware, the Court directed the Clerk for the Southern District of West Virginia to initiate a suit on Defendant's behalf regarding the allegations that he is being mistreated by the staff at Western Regional Jail. The pertinent part of the Court's order states:

> The Court finds that Defendant's Motion for Injunction raises issues properly considered under 42 U.S.C. § 1983, namely, whether Defendant's Eighth Amendment rights have been violated by the alleged conduct of Western Regional Jail employees. Accordingly, it is ORDERED that the Clerk open a new file in the Huntington Division indicating Mr. Lewis as the Plaintiff and the cause of action as 42 U.S.C. § 1983. The Clerk is further directed to file a copy of the Motion for Injunction, Docket 211, in the new file, as well as a copy of this order.

(Docket 212 at 1-2.) Defendant is directed to case number 3:11-cv-01016, which is currently pending before Judge Chambers in the Huntington Division. In addition, the allegations of misconduct by officials at FCI Hazelton are properly a part of Defendant's ongoing lawsuit in the Northern District of West Virginia against several staff members of FCI Hazelton, 5:11-cv-00054-FPS-JSK, and this Court has no authority to decide any claims raised by these allegations.

As for Defendant's request for the Court to "support in [his] attempt for a sentence reduction under [Rule] 35," the Court is unable to assist. Rule 35 of the Federal Rules of Criminal Procedure may only be used to reduce a prisoner's sentence "upon the government's motion." Without a motion for substantial assistance filed by the United States Attorney's Office, Rule 35 is unavailable to reduce Defendant's sentence. For these reasons, the Motion for Injunction is **DENIED**.

### C. Motion to Withdraw from Witness List

Defendant filed his latest motion on January 9, 2012. There, Defendant requests "to withdraw from the witness list" in a state case in which he appears to be designated as a prosecution witness. Defendant apparently wishes to cease cooperating with state prosecutors due to the alleged mistreatment detailed above and this Court's refusal to grant him a sentence reduction based on Rule 35. As set forth in the preceding section, this Court is without authority to reduce Defendant's sentence absent a motion from the United States Attorney's Office. Regarding his allegations of mistreatment while incarcerated, Defendant's proper avenues for relief are his suits in the Northern District (related to FCI Hazelton) and the Huntington Division (related to Western Regional Jail). Moreover, the district court is unable to compel a state prosecutor to remove Defendant's name from a witness list in state circuit court. The motion is **DENIED**.

### D. Additional Motions

Also pending before the Court are the following motions filed by Mr. Lewis: (1) Letter-Form Motion for Substantial Assistance, Docket 214; (2) Letter-Form Motion to Compel the Filing of a Rule 35 Motion by the United States Attorney's Office, Docket 215; (3) Letter-Form Motion to Add to Defendant's Substantial Assistance Program, Docket 218; and (4) Motion to Withdraw the [214] Letter-Form Motion for Substantial Assistance, Docket 223. The Court notes that these motions are

largely duplicative of the Motion for Injunction addressed above—they all ask the Court to compel the filing of a Rule 35 motion, which it cannot do. Further, the Court declines to reach any of these motions on the merits because Mr. Lewis filed a Letter-Form Motion to Withdraw Pending Motions that post-dates each of the above motions and states, in part, "I wish to withdraw all my motions." (Docket 225.) The Letter-Form Motion to Withdraw [Docket 225] is **GRANTED**, and the Court therefore does not address the other motions.

### III. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the PF&R and **DENIES** Defendant's Motion for Modification or Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) [Docket 179]. Defendant's Motion for an Injunction against Western Regional Jail [Docket 211] and Motion to Withdraw from Witness List [Docket 213] are **DENIED** as well. The Letter-Form Motion to Withdraw [Docket 225] is **GRANTED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: May 23, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE